UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENRIQUE R. SUAREZ,

    Plaintiff,

v.                                                       Case No.: 8:13-cv-1238-T-17MAP

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY,
FLORIDA, Et al.,

    Defendants.

_____/

## ORDER

This cause is before the Court on Plaintiff's Amendment to Complaint (Doc. 7), Defendants' Motion to Dismiss Plaintiff's Amendment to Complaint and Supporting Memorandum of Law (Doc. 24), and Plaintiff's Response thereto (Doc. 26). *Pro se* Plaintiff Enrique R. Suarez's Amendment to Complaint includes Plaintiff's claims for defamation and for race and age discrimination in violation of Title VII and the ADEA against Defendants School Board of Hillsborough County and its individual employees. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's Amendment to Complaint is **DISMISSED IN PART WITH LEAVE TO AMEND.**

## I. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed his complaint (Doc. 1) on May 9, 2013. This Court, in its May 14, 2013 order (Doc. 3) denying without prejudice Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2), described the complaint as "quotations of case law followed by conclusory allegations of discrimination, perjury, and defamation on the part of Defendant." The Court also provided the *pro se* Plaintiff with drafting direction and leave to file an Amended Complaint. Plaintiff filed his Amendment to Complaint on May 21, 2013 (Doc. 7), naming the School Board of Hillsborough County as well as Matthew Romano ("Romano"), Nadine Johnson ("Johnson"), Dr. James Goode ("Goode"), Dr. Olaniyio Popoola ("Popoola"), and Mary Francis Luysterburg ("Luysterburg") as Defendants.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

To properly state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[Detailed] factual allegations" are not necessary, *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007), but the Rule does require sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* at 556. Two analytical principles are derived from *Twombly. Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). First, legal conclusions are not presumed to be true. *Id.* (noting that "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice"). Second, a case-by-case analysis is required to determine whether a complaint states a facially plausible claim. *Id.* Therefore, as this Court considers Defendants' Motion to Dismiss, it will: 1) begin by identifying conclusory allegations that are not entitled to a presumption of truth, and, 2) assume the truth of well-pleaded factual allegations, and decide whether they create a plausible entitlement to relief. *Id.*

### B. Pro Se Plaintiff

The pleadings of a *pro se* complainant are evaluated under more lenient standards than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, all *pro se* litigants must comply with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Further, the Court is not required to rewrite deficient pleadings. *GJR Investments Inc. v. County of Escambia, Fla.* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). With this framework in mind, the Court will evaluate Plaintiff Suarez's Complaint in a more forgiving light- abandoning harsh fluorescent bulbs in favor of a candlelight standard of scrutiny.

### III. DISCUSSION

The Plaintiff's Amendment to Complaint alleges that Defendants engaged in age and race discrimination, in violation of Title VII and the ADEA. (Doc. 7). Plaintiff further alleges a defamation claim. Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the age and race discrimination counts

against several individual employees as redundant and improper under Title VII and the ADEA. (Doc. 24). Defendants also move to dismiss any defamation claim on the grounds that any alleged defamatory communications between the EEOC and Defendants are privileged. Each will be discussed in turn.

**A. Race and Age Discrimination**

Title VII forbids racial discrimination in employment decisions. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 796 (1973). Parallel to Title VII's prohibition, the ADEA forbids arbitrary age discrimination in employment situations. *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 120 (1985).

Plaintiff Suarez named several individual employees of Defendant School Board of Hillsborough County, in addition to the School Board. Individual defendants may not be held liable for violating Title VII or the ADEA. *See Smith v. Lomax,* 45 F.3d 402, 403 n. 4 (11th Cir. 1995) (holding that individual defendants could not be held liable under the ADEA or Title VII); *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991) (clarifying, "the relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act"); *Cross v. Alabama,* 49 F.3d 1490, 1504 (11th Cir. 1995) (citing *Busby* and holding that Title VII suits cannot be maintained against individual persons). The proper method for recovery under Title VII requires the plaintiff to name either the employer directly or supervisory employees as agents of the employer. *Brooks v. CSX Transportation, Inc.,* 2009 WL 3208708 *4 (M.D. Fla. 2009). Accordingly, claims against individual defendants are subject to dismissal as redundant where, as here, the plaintiff has also named the employer as a defendant. 2009 WL 3208708 at *4.

Case 8:13-cv-01238-EAK-MAP Document 40 Filed 10/16/13 Page 5 of 8 PageID 164

After reviewing Plaintiff's Amendment to Complaint, this Court concludes that the age and race discrimination claims brought against individual Defendants Romano, Johnson, Goode, Popoola, and Luysterburg are improper as a matter of law. The employer, the School Board of Hillsborough County, has been named as Defendant and is the proper party against which relief may be sought. Accordingly, Plaintiff's claims against these individual employees are redundant, and the Court will grant Defendants' Motion to Dismiss with respect to the individually named Defendants.

### C. Defamation

To establish a claim for defamation, a plaintiff must demonstrate: (1) the defendant published the statement; (2) the statement was both false and (3) defamatory; (4) the defendant acted negligently; and (5) the plaintiff suffered resulting damages. *Brown v. Suncoast Beverage Sales, LLP*, 2010 WL 555675, * 2 (M.D. Fla. 2010). "[A] defamatory statement is one that tends to harm the reputation of another by lowering him or her in the estimation of the community or... one that exposes a plaintiff to hatred, ridicule, or contempt or injures his business or reputation or occupation." *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1108-09 (Fla. 2008).

In Count IV, Plaintiff alleges that Popoola "lied to the EEOC by making contradictory statements." (Doc. 7 at 2, ¶ d). Although Plaintiff pleads the legal conclusion that this constitutes an act of perjury, he neglects to plead any facts consistent with how an attorney would plead a defamation claim, or to use the word "defamation" at all. *Id.* Count IV does not adequately plead defamation when subjected to the harsh fluorescent lights beamed upon attorney-drafted pleadings, but in the dimmer candlelight

this Court recognizes the distinct shadows of a defamation claim. Accordingly, Count IV may be evaluated as such. In Count V, Plaintiff Suarez alleges that Romano engaged in defamation by making false statements concerning Plaintiff's interview performance at King High School. (Doc. 7 at 2, ¶ e). Plaintiff makes no factual allegations concerning to whom these statements were published. *Id.* In Count VI, Plaintiff states that he interviewed at Robinson High School in August 2012 with Assistant Principal Mr. Johan A. VonAnchken. (Doc. 7 at 2, ¶ f). Plaintiff then states the conclusions that "Defendant has repeated their slander and defamation of my character professionalism by stating that Plaintiff exhibited poor communication skills, displayed a lack of sensitivity in working with students, . . . showed a lack of understanding for the IB program . . . and failed to articulate how Plaintiff would help students meet the challenges of the course . . . ." *Id.* Although this Court recognizes the limitations of pro se litigants, pursuant to *Twombly*, these legal conclusions cannot be accepted as true. Plaintiff again neglects to plead any facts showing to whom these statements were published. *Id.*

    Defendants argue that the defamation claims against Popoola and Romano should be dismissed for failure to state a claim upon which relief may be granted. (Doc. 24 at 9). Defendants analyze Count IV against Popoola as a defamation claim, as no civil cause of action exists for perjury in Florida. *Regal Marble, Inc. v. Drexel Investments, Inc.*, 568 So. 2d 1281, 1282-83 (Fla. 4th DCA 1990). Defendants then argue that because these statements were published to the EEOC in a quasi-judicial proceeding, they are absolutely privileged and thus the defamation claim is due for dismissal. (Doc. 24 at 10). Privilege is an affirmative defense, and unless facts giving rise to the defense are readily apparent in the initial complaint, privilege should be plead as a defense rather than raised

in a motion to dismiss. *Kirvin v. Clark*, 396 So. 2d 1203, 1204 (Fla. 1st Dist. App. 1981) (denying appellee's motion to dismiss a defamation claim on privilege grounds where alleged defamatory words were published in a judicial proceeding, and instructing defendant to plead privilege as a defense); *Spitalny v. Insurers Unlimited, Inc.*, 2005 WL 1528629 at * 3 (M.D. Fla. 2005)(clarifying, "[t]here may, however, be exceptional cases in which the facts giving application to the defense are clearly apparent on the face of the complaint, in which case the defense may be raised by motion to dismiss"). Upon reviewing Count IV, this Court finds that this is not an exceptional case where the facts supporting privilege are so apparent that the issue may be "decided on the face of the pleading." 2005 WL 1528629 at * 4. The allegations in Count IV remain ambiguous and factually deficient; the Plaintiff pleads only the legal conclusion that Popoola committed perjury. Count IV is therefore dismissed with leave to amend, and the privilege defense may be asserted at a later date.

As currently written, Counts V and VI are also insufficiently detailed to state a plausible claim for relief. When a federal court addresses a Florida defamation claim, the "defamation claim can be plead generally, so long as it meets the requirements of Rule 8(a) and *Twombly*." *Pierson v. Orlando Regional Healthcare Systems, Inc.*, 619 F. Supp. 2d 1260, 1284 (M.D. Fla. 2009). However, a Plaintiff must plead some factual allegations showing publication and "generally describe the manner and to whom it was uttered." *Leavitt v. Cole*, 291 F. Supp. 2d 1338, 1341 (M.D. Fla. 2003). In both counts, Plaintiff fails to plead facts demonstrating to whom the allegedly defamatory statements were published. If, as the Defendants suggest, these statements were published to the EEOC,

the defense of privilege may later be asserted. Therefore, Counts V and VI are also dismissed with leave to amend. Accordingly it is

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED** and that Plaintiff's Amendment to Complaint is **DISMISSED IN PART WITH LEAVE TO AMEND**. The second amended complaint shall be filed on or before October 30th, 2013, or this cause will be dismissed in its entirety.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 16th day of October 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.