UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENRIQUE R. SUAREZ,

    Plaintiff,

vs.                                                            CASE NO. 8:13-cv-01238-EAK-MAP

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY,
FLORIDA, Et al.,

    Defendants.

_____/

**ORDER**

THIS CAUSE is before the Court on Defendants', The School Board of Hillsborough County, Florida ("School Board"), Matthew Romano, Nadine Johnson, Dr. James Goode, Dr. Olaniyio Popoola, Mary Frances Luysterburg, Johan von Ancken, John Cobb, David Brown, and Robert Heilmann (collectively, "Defendants"), Motion to Dismiss Plaintiff's "Second Amendment to Complaint" (Doc. 47) and *pro se* Plaintiff's, Enrique Suarez, Response (Doc. 49). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED IN PART and DENIED IN PART**, and Plaintiff's Second Amendment to Complaint is **DISMISSED IN PART WITH PREJUDICE and DISMISSED IN PART WITHOUT PREJUDICE.**

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff alleges that, through a pattern of discrimination, the School Board of

Hillsborough County has illegally denied him multiple opportunities for employment within the school system by not hiring him for positions for which he interviewed and denying him the opportunity to interview for other positions for which he applied. Additionally, the Plaintiff alleges that various School Board employees have defamed him through communications made during the period of the discrimination.

Plaintiff filed his original complaint (Doc. 1) on May 9, 2013, and an amended complaint (Doc. 7) on May 21, 2013, alleging that the Defendants engaged in race and national origin discrimination in violation of Title VII and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). The complaints also included allegations of defamation against multiple Defendants. Upon receipt of Plaintiff's Amendment to Complaint (Doc. 7), Defendants' Motion to Dismiss (Doc. 24), and Plaintiff's Response (Doc. 26), this Court dismissed the amended complaint with leave to amend in an Order dated October 16, 2013 (Doc. 40).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, in order to withstand a motion to dismiss, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *Twombly*'s plausibility standard requires that the allegations be more than merely conceivable. *Id.* A factually sufficient complaint "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Application of this standard follows two analytical principles. First, the court will not presume the truth of a complaint's legal conclusions. Second, a complaint's well-pleaded factual allegations must allow the court to infer the plausibility, rather than the mere possibility, that the plaintiff is entitled to the relief sought. *Id.* at 678-79.

The court will evaluate a *pro se* litigant's pleadings more leniently than those of an attorney. *Nunnelee v. Morgan*, 550 F. App'x 716, 716 (11th Cir. 2013). However, even under this more liberal standard of construction, such pleadings must still conform to the applicable procedural rules. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## III. DISCUSSION

In their motion to dismiss, Defendants argue that the Plaintiff's defamation claims and a number of the discrimination claims fail to meet the *Twombly* plausibility standard, that Florida law provides no cause of action for perjury, that the employee Defendants should be dismissed, and that Count X should be dismissed for failure to exhaust administrative remedies. Additionally, Defendants request dismissal of the entire second amended complaint based on the Plaintiff's failure to comply with the pleading requirements.

This Court finds that the conclusory allegations of defamation that plagued Plaintiff's first amended complaint have not been substantiated in any meaningful way and that the Plaintiff has failed to follow the Equal Employment Opportunity Commission's ("EEOC") procedural prerequisites related to the discrimination claims in Count X. Claims for race and/or age discrimination related to Plaintiff's interviews and/or applications for employment at Leto

High School and King High School still lack sufficient factual bases. The previous Order dismissing Plaintiff's first amended complaint made clear that there is no cause of action for perjury. Though Plaintiff's second amended complaint fails to comport with the Federal Rules of Civil Procedure, this Court's decision rests on substantive shortcomings rather than technical inconsistencies.

## A. Defamation

To successfully assert a claim for defamation under Florida law, a plaintiff must establish five elements: (1) the defendant published the statement; (2) the statement was false; (3) the statement was defamatory; (4) the defendant acted negligently; and (5) the plaintiff suffered damages as a result of defendant's publication. *Brown v. Suncoast Beverage Sales, LLP*, 2010 WL 555675, at *2 (M.D. Fla. Feb. 10, 2010). "Under Florida law, words are defamatory when they charge a person with an infamous crime, or tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession." *Seropian v. Forman*, 652 So. 2d 490, 495 (Fla. 4th DCA 1995) (citing *Adams v. News-Journal Corp.*, 84 So. 2d 549, 551 (Fla. 1955)). Defamation claims against employees or agents of the School Board individually must include sufficient allegations of statutorily defined culpability on the part of the individual actors:

> [n]o officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. 768.28(9)(a) (2012).

Based on the organization of the second amended complaint, the clearest way to address Plaintiff's defamation claims is by occurrence and parties involved, with references to the count in which the allegations appear. Plaintiff clarifies in Count IV that he is not asserting a defamation claim in relation to Dr. Popoola's communications with the EEOC and Defendants' counsel (Doc. 42 at 3-4), leaving all relevant allegations concerning defamation in Counts V and VI.

Counts V and VI reference communications made by Mr. Romano and Mr. Von Ancken to the EEOC and Defendants' counsel. Both individuals were employed by the School Board. The second amended complaint alleges that Mr. Romano shared information regarding Plaintiff's interview for the King High School position with Mr. Von Ancken prior to Plaintiff's interview for the Robinson High School position. (Doc. 42 at 4, Count V) Whereas Plaintiff's response to the motion to dismiss alleges that it was Mr. Von Ancken who shared such information with Mr. Romano prior to the King High School interview. (Doc. 49 at 5) Regardless of the actual order of the communications, Plaintiff has made insufficient allegations of the requisite bad faith, malicious purpose, or wanton and willful disregard needed to sustain the imposition of individual liability. Furthermore, Florida public employees "enjoy absolute immunity from suit for defamation for statements made as part of their duties." *Boggess v. School Bd. Of Sarasota Cnty.*, 2008 WL 564641, at *6 (M.D. Fla. Feb. 29, 2008) (citing *City of Miami v. Wardlow*, 403 So. 2d 414, 416 (Fla. 1981)). Accordingly, the defamation claims asserted against the individual Defendants are DISMISSED with prejudice.

In Counts V and VI, Plaintiff alleges communications by the School Board to the EEOC

and Defendants' counsel concerning Plaintiff's interview performance constitute defamation. Defendants assert that the EEOC investigation should be considered a quasi-judicial proceeding, making the statements absolutely privileged. (Doc. 47 at 12) "Florida recognizes that defamatory words published during the course of a judicial or quasi-judicial proceeding are absolutely privileged if they are connected with, or relevant or material to, the cause at hand or subject of inquiry." *Gandy v. Trans World Computer Tech. Group*, 787 So. 2d 116, 119 (Fla. 2d DCA 2001) ("An EEOC investigation is a quasi-judicial proceeding."); *Foster v. Select Medical Corp., Inc.*, 2013 WL 764780, at *7 (M.D. Fla. Feb. 28, 2013) ("Absolute immunity applies in . . . EEOC investigations."); *Kidwell v. General Motors Corp.*, 975 So. 2d 503, 504 (Fla. 2d DCA 2007) (holding that absolute immunity applies to defamatory statements made during the course of a quasi-judicial proceeding as long as the statement bears some relation to the proceeding). Even if defamatory, the alleged statements of the School Board made in the course of the EEOC investigation are afforded absolute immunity. Accordingly, any claims for defamation related to comments made by the School Board in relation to the EEOC investigation are DISMISSED with prejudice.

Plaintiff's other claims for defamation concern statements made, in effect, by the School Board to the School Board and statements made by the School Board to the Plaintiff. In *Bush v. Raytheon Co.*, the Eleventh Circuit held that distribution of allegedly false performance reviews among a company's managers "[did] not constitute publication to a third party under Florida law and thus [was] not actionable." 373 F. App'x 936, 941 (11th Cir. 2010) (citing *American Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007)). Likewise, making defamatory statements to the party alleging defamation does not qualify as publication. *Geddes*,

6

960 So. 2d at 833. Consequently, Plaintiff's remaining claims for defamation are DISMISSED with prejudice.

## B. Discrimination

Title VII prohibits discriminatory employment practices based upon employees' or applicants' race or national origin. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973). The ADEA prohibits employment practices that discriminate based on age. *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 120 (1985).

As previously addressed by this Court in its order dismissing the first amended complaint (Doc. 40 at 4-5) and as acknowledged by the Plaintiff in his second amended complaint (Doc. 42 at 2), the race and/or age discrimination claims against the individual Defendants have been dismissed and are not under consideration in this order. What remains are claims for race and/or age discrimination against the School Board, spread across Counts I through X.

Defendants argue that the Plaintiff's second amended complaint fails "to plead sufficient factual matter to support a reasonable inference of discrimination" in Counts II, IV, V, VII, and X. (Doc. 47 at 16-17) Defendants' motion to dismiss also asserts that Count X must be dismissed because Plaintiff failed to exhaust his administrative remedies with respect to any discrimination claims contained therein. (Doc. 47 at 19-20)

Count IV concerns Plaintiff's interview for a part-time position at Leto High School. (Doc. 42 at 3-4) Though Plaintiff contends that the allegations in Count IV "are solid and grounded on Title VII Laws" (Doc. 42 at 4), the complaint contains no allegations that race or age played a role in the employment decision. Therefore, any claims for discrimination related

7

to the part-time position at Leto High School are DISMISSED without prejudice.

Similarly, Count V—discussing Plaintiff's unsuccessful interview for a social studies teaching position at King High School—includes a reference to "a pattern of unlawful racial behavior to justify [the School Board's] illegitimate employment practices" but provides no factual allegations regarding race or age discrimination. (Doc. 42 at 4) Therefore, claims for discrimination related to the social studies teaching position at King High School are DISMISSED without prejudice.

Count II states no claim for retaliation but instead provides background factual information pertaining to Plaintiff's interaction with Dr. Goode as an introduction to the allegations in Count VII. (Doc. 42 at 3, 5) In Count VII, Plaintiff describes how he missed an opportunity to interview for a social studies teaching position at the Young Creative Science Center because the email inviting him to interview was sent to an "alternative email address." (Doc. 42 at 5) Plaintiff alleges that Dr. Goode instructed the school to use this alternative email address as "retaliation" against him for contacting the School Board's Human Resources department. (Doc. 42 at 5) In order to establish a prima facie case of retaliation, a plaintiff must allege sufficient facts to satisfy three elements: (1) plaintiff engaged in statutorily protected activity; (2) plaintiff then suffered a materially adverse employment action; and (3) there exists a causal connection between the statutorily protected activity and the adverse employment action. *Parker v. Bd. Of Educ.*, 403 F. App'x 477, 478 (11th Cir. 2010). The Plaintiff has not alleged that he engaged in any protected activity, as his complaint to Human Resources was based only on Dr. Goode's alleged failure to timely respond to Plaintiff's employment inquiries. However, in Plaintiff's response he alleges that the School Board hired both "a 23

year old White female" for the same social studies teaching position for which he had unsuccessfully applied and "a 31 year old female" for a Spanish teaching position for which he had also applied. (Doc. 49 at 4) Therefore, Defendants' motion to dismiss discrimination claims related to Plaintiff's unsuccessful attempts at employment at the Young Creative Science Center is DENIED.

Count X contains nothing more than a listing of seventeen schools with school representatives' contact information, a description of the teaching position(s) Plaintiff applied for at each, and requests for records of communications between each school and Dr. Goode. As Plaintiff acknowledges in his response, he has not brought charges of discrimination with the EEOC nor received notices of right to sue from the EEOC for any of the instances of discrimination alleged in Count X. Therefore, all claims for discrimination contained in Count X are DISMISSED without prejudice. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** and Plaintiff's Second Amendment to Complaint is **DISMISSED IN PART WITH PREJUDICE and DISMISSED IN PART WITHOUT PREJUDICE** as set out in this order. Plaintiff may file an amended complaint on or before May 29th, 2014. If an amended complaint is not filed by this date, the claims dismissed without prejudice will be dismissed with prejudice, leaving only the discrimination claims stemming from Plaintiff's interactions with Young Creative Science Center (Counts II and VII), Farnell Middle School (Count III), Robinson High School (Count VI), Riverview High School (Count VIII), Strawberry Crest High School (Count IX), and the School Board regarding the

Supervisor/Elementary Generalist position opening (Count I). Under this Order, Plaintiff would not be prohibited from bringing claims stemming from the employment decisions alluded to in Count X if and when Plaintiff received notice(s) of intent to sue from the EEOC for any of discriminatory acts alleged therein. The Plaintiff is cautioned to not include in an amended complaint any counts or claims that have been dismissed with prejudice by this Order, for example, claims for defamation.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 14th day of May, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record
Assigned Magistrate Judge