**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ENRIQUE R. SUAREZ,

Plaintiff,

v. Case No.: 8:13-cv-1238-T-17 MAP

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY,
FLORIDA, et al.,

Defendants.
____________________________________/

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on The School Board of Hillsborough County's ("School Board") Motion to Dismiss (Doc. 84) and Enrique Suarez's Response to School Board's Motion to Dismiss (Doc. 105). Initially, the Court notes that Plaintiff's New Second Amended Complaint only addresses the counts dismissed from the Second Amended Complaint. It did not reallege the Counts that were not dismissed. This was an inappropriate way to amend the complaint, but since none of the counts of the New Second Amended Complaint survive, this Court will just regard the Second Amended Complaint—minus the Counts dismissed with prejudice as explained below.

## BACKGROUND

On May 19, 2013, Plaintiff filed a complaint alleging violations of Title VII by the School Board and its employees for alleged discrimination by failing to hire Plaintiff for certain positions within the School District. (Doc. 1). This Court dismissed without prejudice Plaintiff's complaint for failing to follow the Federal Rules of Civil Procedure and for failing to state a claim upon which relief could be granted. (Doc. 3). On May 21, 2013, Plaintiff amended his complaint and asserted ten counts of employment discrimination. (Doc. 7). This Court similarly dismissed this Amended Complaint, without prejudice, allowing Plaintiff an opportunity to correct his pleadings. (Doc. 40). On October 28, 2013, Plaintiff filed a Second Amended Complaint (Doc. 42), which was again partially dismissed (Doc. 47) for failing to provide any foundation for the allegations made. On May 19, 2014, Plaintiff filed a New Second Amended Complaint alleging three counts (Counts IV, V, and X) of discrimination based on his race, national origin, and age.

## STANDARD OF REVIEW

The allegations of a *pro se* plaintiff are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, *pro se* litigants must comply with procedural rules. *Albra v.* Advan, *Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). A defendant may move to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## **DISCUSSION**

Title VII prohibits discriminatory employment practices based upon employees' or applicants' race or national origin. *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792, 800 (1973). The ADEA prohibits employment practices that discriminate based on age. *Trans WorldAirlines, Inc.* v. *Thurston*, 469 U.S. Ill, 120 (1985). To establish a prima facie case under Title VII a plaintiff bears the burden of proving 1) he is a member of a protected class; 2) he applied and was qualified for the position; 3) he was rejected; and 4) an individual outside his protected class was hired for the position. *Walker v. Prudential Property & Cas. Ins. Co.*, 286 F.3d 1270, 1274-75 (11th Cir. 2002). To establish a prima facie case under the ADEA for age discrimination the plaintiff bears the burden of proving 1) he was between the ages of 40 and 70; 2) he was subject to an adverse employment decision; 3) the position he sought was filled by a substantially younger person; and 4) he was qualified for the position. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998). Further, Plaintiff must show that his age was the but-for cause of the alleged discriminatory act. *Gross v. FBL Financial Services, Inc.* 557 U.S. 167, 175 (2009).

### A. Count IV

Plaintiff has failed to plead sufficient facts in Count IV to support a plausible claim for relief for race, national origin, or age discrimination. Plaintiff simply repeats the factual allegations this Court has already found to be insufficient to support a claim. (Doc. 80). The only new information Plaintiff adds is that the secretary of Dr. Popoola, the principal of Leto High School, called Plaintiff after an interview and asked two

allegedly "illegal questions:" Plaintiff's age and race. (Doc. 82 at 3). This is not sufficient to survive a motion to dismiss.

In regards to Plaintiff's race discrimination claim, Plaintiff fails to plead sufficient facts in regards to whether he was qualified for the position and whether the individual hired for the position was outside of his protected class. *Walker*, 286 F.3d at 1274. In regards to Plaintiff's age discrimination claim, Plaintiff fails to plead sufficient facts in regards to whether the individual hired for the position was outside of his protected class or substantially younger than the Plaintiff. Further, Count IV contains no facts that support Plaintiff's claim that his age was the but-for cause of the alleged discriminatory act. *Gross*, 557 U.S. at 175. Therefore, the motion to dismiss Count IV is granted with prejudice.

**B. Count V**

Plaintiff has failed to plead sufficient facts in Count V to support a claim of Title VII or ADEA discrimination. Plaintiff again reasserts a nearly identical claim to the one this Court dismissed. (Doc. 80). The only new information Plaintiff adds as additional support is that the person who was hired, instead of Plaintiff, is a Caucasian female in her twenties. (Doc. 70 at ¶ 14). It is unclear whether Plaintiff is alleging discrimination based on his race, age, or both. But in any event, Plaintiff has failed to articulate that he was qualified for the position, a necessary element to any discrimination complaint. *McDonnell Douglas Corp.*, 411 U.S. at 802; *Walker*, 286 F.3d at 1275; *Turlington*, 135 F.3d at 1432. Thus, Plaintiff has failed to plead sufficient facts to support a claim for relief under both Title VII and the ADEA and Count V is dismissed with prejudice.

**C. Count X**

Plaintiff has failed to plead sufficient facts in Count X to support a claim of Title VII or ADEA discrimination for the alleged failure to hire. Plaintiff simply repeats the list of twenty-two schools and/or contacts that were included in the previously dismissed complaint. (Doc. 82 at 4–7; 42 at 6–7). This Court has already instructed Plaintiff these allegations are factually deficient. (Doc. 80). Plaintiff has failed to plead any new facts demonstrating that his alleged denial of employment was discrimination based on his race, national origin, or age; he was qualified for the positions; and the individuals who were ultimately hired for the positions were outside the Plaintiff's protected class. *Walker*, 286 F.3d at 1274. Further, Plaintiff's conclusory allegation that "he has already established a prima facie case of employment discrimination," (Doc. 82), is insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Accordingly, it is

**ORDERED** that the School Board's Motion to Dismiss (Doc. 84) is **GRANTED with prejudice** as to the Three Counts (IV, V, X) in the New Second Amended Complaint. This leaves only the discrimination claims stemming from Plaintiff's interactions with Young Creative Science Center (Counts II and VII), Farnell Middle School (Count III), Robinson High School (Count VI), Riverview High School (Count VIII), Strawberry Crest High School (Count IX), and the School Board regarding the Supervisor/Elementary Generalist position opening (Count I). The Defendant may refile its Motion for Summary Judgment as to the counts set out above within twenty-five days of this order. After a ruling on the Motion for Summary Judgment, the Court will set pretrial conference and trial dates if necessary.

**DONE and ORDERED** in Chambers at Tampa, Florida on this 24th day of October, 2014.




Copies to: All parties and counsel of record.