**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ENRIQUE R. SUAREZ,

    Plaintiff,

vs.                       CASE NO. 8:13-cv-1238-EAK-MAP

THE SCHOOL BOARD OF HILLSBOROUGH
COUNTY, FLORIDA, et al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS

This cause comes before the Court on Plaintiff's Motion to Recuse (Doc. 112); response thereto (Doc. 118); Plaintiff's Motion to Reassign Case (Doc. 120); and response thereto (Doc.123). For the reasons that follow, the motions are **DENIED**.

## BACKGROUND

This case has been pending for about eighteen months and the Plaintiff has been allowed to file three amended complaints filed. Numerous motions have been filed and considered and this case was on a schedule for trial but the trial was continued to allow sufficient time to resolve the pre-trial issues and motions. The Court has found that a portion of the Plaintiff's causes of action met the standards to survive the various motions to dismiss. There is an unanswered motion for summary judgment pending and a trial to be conducted if the cause of action survives that motion for summary judgment. The

Plaintiff's two motions seek the same result, for the undersigned to recuse herself and for the cause of action to be assigned to another judge.

## LEGAL STANDARD

A judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). The purpose of Section 455(a) is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988); see U.S. v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) (requiring recusal when the objective circumstances create an appearing of partiality). Recusal is appropriate when "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Actual bias is not necessary; any doubts must resolve in favor of the moving party. Liteky v. U.S., 510 U.S. 540, 548 (1994); U.S. v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989); U.S. v. Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.

## DISCUSSION

Plaintiff sets out these bases for recusal: (1) he fears he will "not receive a fair trial...on account of the prejudice of the judge against the Plaintiff; (2) the escorting of the Plaintiff when he is in the courthouse; and (3) the "unfair" dismissal of three of his discrimination counts by the undersigned.

In the motion to reassign this case, the Plaintiff relies on a procedural rule of the state court, Rule 2.330 (j), Florida Rule of Judicial Administration.  As pointed out by the Defendants, the Florida state court rule is not applicable to this Federal court proceeding.  Therefore, the motion to reassign (Doc. 123) is denied.

As to the motion to recuse, the Plaintiff's allegations as to previous judicial decisions requiring recusal are not persuasive.  As the Defendants state:

> Section 144 requires a judge to recuse herself when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The moving party's affidavit must allege facts that show under a reasonable person standard the judge has a personal bias against him, not one that is judicial in nature. *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 810-11 (11th Cir. 2012) (citations omitted). The Plaintiff has failed to show recusal is warranted under § 144 because he has not filed a timely affidavit to support his accusations, nor has he made an objective showing that Judge Kovachevich has a personal bias against him.

As to the escorting of the Plaintiff in the courthouse, the Plaintiff has failed to show that the alleged bias was formed from extrajudicial sources rather than reasons related to the litigation. *See United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999).  All the Plaintiff has is speculation and presumption as to why he is escorted in the courthouse and what might be the reason for the escort.

Based on the foregoing, and considering the pleadings on this matter, the Court cannot find that an objective, disinterested lay observer fully informed of the facts would have significant doubt about this Court's impartiality.  Accordingly, it is

**ORDERED** that the motion to recuse and the motion to reassign case are **DENIED**.  The Plaintiff has failed to respond to the Defendants' motion for summary judgment.  The Court will allow him twenty days from this date to respond or the Court will resolve the motion without benefit of his response.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of January, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record