UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENRIQUE R. SUAREZ,

    Plaintiff,

v.                                              Case NO.: 8:13-cv-1238-T-17MAP

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY,
FLORIDA, et al.,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court pursuant to Defendant's, the School Board of Hillsborough County, Florida, representing all defendants ("School Board" or "School District"), Motion for Summary Judgment as to Plaintiff, Enrique R. Suarez's (Suarez), claims of disparate treatment of race and national origin discrimination in violation of Title VII, and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), (Doc. at 113), and Plaintiff's Response in Opposition, (Doc. at 136). For the reasons that follow, the Court will grant the motion. The facts are established from the motion and response and are taken as true for the purposes of resolving this motion.

## BACKGROUND

On October 28, 2013, Plaintiff filed a ten-count Second Amendment to Complaint against Defendant, the School Board, alleging discrimination for the failure to hire and defamation. (Doc. 113 at 12). This complaint was partially dismissed by the Court on May 14, 2014. *Id*. Specifically, the Court dismissed, with prejudice, the defamation claims, and dismissed, without prejudice, the discrimination claims against Leto Adult Education (Count IV), King High School (Count V), and a list of various schools and/or contacts (Count X). *Id*.

Plaintiff filed a "New Second Amended Complaint" which only addressed the counts of discrimination previously dismissed: Counts IV, V, and X. *Id*. at 13. On October 24, 2014, the Court entered an Order dismissing Counts IV, V, and X, with prejudice. *Id*. The Court explained that "[t]his leaves only the discrimination claims stemming from Plaintiff's interactions with Young Creative Science Center (Counts II and VII), Farnell Middle School (Count III), Robinson High School (Count VI), Riverview High School (Count VIII), Strawberry Crest High School (Count IX), and the School Board regarding the Supervisor/Elementary Generalist position opening (Count I)," as alleged in the Second Amendment to Complaint. *Id*.

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, discovery, disclosure materials on file, and any affidavits demonstrate there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 248. However, if the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted. *Id*. at 249–250.

## ANALYSIS

Title VII prohibits discriminatory employment practices based upon employees' or applicants' race or national origin. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973). The ADEA prohibits employment practices that discriminate based on age. *Trans WorldAirlines, Inc. v. Thurston*, 469 U.S. Ill, 120 (1985). To establish a prima facie case under Title VII a plaintiff bears the burden of proving 1) he is a member of a protected class; 2) he applied and was qualified for the position; 3) he was rejected; and 4) an individual outside his protected class was hired for the position. *Walker v. Prudential Property & Cas. Ins. Co.*, 286 F.3d 1270, 1274-75 (11th Cir. 2002). To establish a prima facie case under the ADEA for age discrimination the plaintiff bears the burden of proving 1) he was between the ages of 40 and 70; 2) he was subject to an adverse employment decision; 3) the position he sought was filled by a substantially younger person; and 4) he was qualified for the position. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998). Further, plaintiff must show that his age was the but-for cause of the alleged discriminatory act. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 175 (2009).

Once a prima facie case is established, the burden of production shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for its decision. *Chapman v. Al Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000). This burden of production is "exceedingly light." *Perryman v. Johnson Prods. Co., Inc.*, 698 F.2d 1138, 1142 (11th Cir. 1983). After Defendant meets its burden, the presumption of discrimination is eliminated and the burden shifts back to the Plaintiff to establish through significant probative evidence that the proffered reason was a pretext by showing not only that Defendant's reason was false but also that the real reason was intentional discrimination. *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1162-63 (11th Cir. 2006); *Carter v. City of Miami*, 870 F.2d 578, 584 (11th Cir. 1989).

To prove pretext, the aggrieved must show that the disparities between the successful applicant's and their own qualifications were so great that no reasonable person, exercising impartial judgment, could have chosen the candidate selected over the aggrieved. *Brooks*, 446 F.3d at 1163. Simply quarrelling with the wisdom of a proffered reason or making bare conclusory allegations of discrimination, are not sufficient to raise an inference of pretext or intentional discrimination. *Carter*, 870 F.2d at 585; *Chapman*, 229 F.3d at 1030. "The inquiry into pretext centers on the employer's beliefs, not the employee's beliefs and, to be blunt about it, not on reality as it exists outside of the decision maker's head." *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010).

### A. Count I – Elementary Supervisor/Generalist Positions

Plaintiff has not established a prima facie case of discrimination for the Elementary Supervisor/Generalist positions because he did not have the requisite experience as an elementary administrator to qualify. *Walker*, 286 F.3d at 1275; *Turlington*, 135 F.3d at 1432.

Plaintiff offers the conclusions that because of his "successful academic teaching and management consultant experience around the world" he possesses the "minimum requirements" to have been offered an interview but was denied such an opportunity because of his "age, race, and national origin." (Doc. 136 at 5). *See Bray v. Georgetown Univ.*, 917 F. Supp. 55 (D.D.C. 1996) (summary judgment for employer granted, finding that the mere fact that the applicant was not granted an interview despite possessing the minimum qualifications for the job did not, by itself, give rise to an inference of unlawful discrimination).

Plaintiff's own belief in the superiority of his credentials and quarrelling with the wisdom of the School District's job requirements is insufficient as a matter of law to establish pretext or prove intentional discrimination. *Brooks*, 446 F.3d at 1163-64; *Brooks v. CSX Transp., Inc.*, 555 F. App'x 878, 882-83 (11th Cir. 2014); *see also Childress v. Caterpillar Logistics Servs., Inc.*, 369 F. App'x 95, 97 (11th Cir. 2010) (holding a plaintiff without the requisite experience was not qualified for the job; moreover, pretext could not be shown by simply arguing her belief that she was the more qualified candidate); *Wright v. Duval County Sch. Bd.*, 510 F. Supp. 2d 941, 947 (M.D. Fla. 2007) (held, pretext is not established by questioning the relative value the school board places on different types of experience). Plaintiff has failed to rebut Defendant's legitimate and nondiscriminatory reasons for hiring Talley and Mills, both former successful principals in the School District. Instead Plaintiff asserts that because it was a generalist position, the requisite experience of being a former principal was not required. (Doc. 136 at 5). Further, Plaintiff's prima facie case under Title VII fails because Talley is also Hispanic. *Id.* at 6; *Wright*, 510 F. Supp. 2d at 946.

Plaintiff cannot establish a prima facie case under ADEA because there is only a six-year age gap between Plaintiff and Mills or Talley which does not meet the substantially younger criteria of ADEA. *Steele v. United States Dep't of Vet. Affairs*, 2011 WL 2160343, *10 (M.D. Fla. 2011) (holding a thirteen-year age difference, without more, was insufficient to establish the substantially younger standard); *Matthews v. City of Dothan*, 2006 WL 3742237, *12 (M.D. Ala. 2006) (holding "[a] six year age difference is not sufficient to create an inference of age discrimination in a hiring decision"). The Plaintiff has also failed to put forth any evidence that his age was the but-for cause for the failure to hire. *Gross*, 557 U.S. at 175-78.

**B. Count VI – IB Teaching Position at Robinson**

Subjective evaluations of a job candidate, including an interview, are often critical to the decision-making process and thus can constitute a legally sufficient legitimate, nondiscriminatory reason. *Chapman*, 229 F.3d at 1033-34; *Goodman v. Ga. Sw.*, 147 F. App'x 888, 891-92 (11th Cir. 2005). Objective "[e]mployment tests can be an important part of a neutral selection system that safeguards against the very racial animosities Title VII was intended to prevent." *Ricci v. DeStefano*, 557 U.S. 557, 584, 129 S. Ct. 2658, 174 L. Ed. 2d 490 (2009).

Plaintiff, aside from having neither the desired background for the position nor the requisite experience, performed poorly on his screening interview for the IB position at Robinson and did not provide satisfactory answers on his application. (Doc. 113 at 17). All of which resulted, in his receiving a magnet screening score of 1 out of 5 making him ineligible for hire. *Id*. See *Goodman*, 147 F. App'x at 891-93 (holding plaintiff's poor interview was a valid reason for defendants to not hire him for the position and plaintiff could not establish pretext for

discrimination by simply arguing or showing that he was the better qualified candidate for the position).

Robinson, instead, hired Loges who majored in Anthropology, had a deep understanding of the IB program, and interviewed well. Plaintiff, in response to summary judgment, proffers an exhibition of accolades and mementos to demonstrate how other educational institutions weigh Plaintiff's skills. (Doc. 136 at 7). This evidence fails to establish the existence of a material fact concerning pretext and intentional discrimination. *Chapman*, 229 F.3d at 1030, 1033-34; *Brooks*, 446 F.3d at 1163-64; *Alvarez*, 610 F.3d at 1266. Plaintiff has also failed to show his age was the but-for cause for the failure to hire. *Gross*, 557 U.S. at 175-78.

## C. Count IX – Spanish Teaching Position at Strawberry

Much like Plaintiff's claim of race discrimination in Count I, the Title VII claim against Strawberry fails because the candidate hired was also Hispanic, thus not outside the Plaintiff's protected class, (Doc. 113 at 8). *Wright*, 510 F. Supp. 2d at 946. Further, it is undisputed that Plaintiff did not have the requisite certification to teach Spanish, making him unqualified to teach in the state (Doc. 113 at 8).

Moreover, Plaintiff has not rebutted the legitimate, nondiscriminatory reasons and shown pretext and intentional discrimination. Rios came highly recommended, was certified to teach Spanish, was a native Spanish speaker, and performed well in the interview. The Plaintiff's conclusory allegations of discrimination and belief in his superiority as a candidate fall short of demonstrating a genuine issue of material fact as to pretext or intentional discrimination on the part of the School District. *Brooks*, 446 F.3d at 1163-64; *Carter*, 870 F.2d at 584-85; *Chapman*, 229 F.3d at 1030; *CSX*, 555 F. App'x at 882; *see also Narin v. Lower Merion Sch. Dist.*, 206

F.3d 323, 334 (3d Cir. 2000). Plaintiff, by only offering Rios' age of 41 as proof of discrimination, (Doc. 136 at 9), has failed to show that his age was the but-for cause for the failure to hire. *Gross*, 557 U.S. at 175-78.

**D. Count VIII – ELL Position at Riverview**

In or around September of 2012 Plaintiff applied to Riverview for an ELL position. (Doc. 113 at 9). Plaintiff, was not certified to teach the ELL class at Riverview, thus he was not qualified for the sought position. *Id.*; *Walker*, 286 F.3d at 1275; *Turlington*, 135 F.3d at 1432; *see also Narin*, 206 F.3d at 332-34; *Longariello v. Sch. Bd.*, 987 F. Supp. 1440, 1450-51 (S.D. Fla. 1997). Plaintiff has failed to rebut the legitimate, nondiscriminatory reasons and show pretext and intentional discrimination. Instead Plaintiff remains steadfast in his conclusions that because he is Hispanic and met the minimum qualifications, vis a vis his vast teaching experience around the world, the person hired was a young Caucasian, and that he was not offered an interview, then he must have been a victim of discrimination based on his age, race or national origin. (Doc. 136 at 9-10). *See CSX*, 555 F. App'x at 882 (A plaintiff relying alone on the fact of skin color, while relevant at the prima facie stage is insufficient to show a genuine issue of fact as to pretext, because it does not establish falsity or that the reason for promotion was impermissible).

The Plaintiff's conclusory allegations and quarreling with the School Board's reasons, however, do not show pretext or intentional discrimination. *Brooks*, 446 F.3d at 1163-64; *Carter*, 870 F.2d at 584-85; *Chapman*, 229 F.3d at 1030; *see also Narin*, 206 F.3d at 334; *Mack v. Atlanta Indep. Sch. Sys.*, 2013 WL 3280036, *4 (N.D. Ga. 2013). Plaintiff has also failed to show his age was the but-for cause for Riverview's failure to hire. *Gross*, 557 U.S. at 175-78.

**E. Counts II and VII – Magnet Social Studies Position at Young**

Plaintiff cannot establish a prima facie case of discrimination for failure to hire at Young because he never applied for the position or attempted to set up an interview. *See Webb v. Int'l Bus. Machs. Corp.*, 458 F. App'x 871, 877 (11th Cir. 2012); *Howell v. Compass Group*, 448 F. App'x 30, 33-34 (11th Cir. 2011); *Silver v. Hancock County Bd. of Educ.*, 510 F. Supp. 2d 1362, 1376 (M.D. Ga. 2007). Plaintiff has not put forth any evidence that his age was the but-for cause for the failure to hire. *Gross*, 557 U.S. at 175-78.

Plaintiff's contentions of a retaliatory conspiracy to discriminate against him are unfounded. Arguing that since the invitations to apply for the Social Studies positions were sent to his "rarely-checked" alternative email address and that because he did not see the emails until after the position was filled, was proof that Young Creative Science Center sought and succeeded to discriminate against Plaintiff. (Doc. 136 at 10). These conclusions neither rebut the legitimate nondiscriminatory reasons Young had for hiring Heidt (Doc. 113 at 22), nor do they demonstrate pretext and intentional discrimination. *Brooks*, 446 F.3d at 1163-64; *Carter*, 870 F.2d at 584-85; *Chapman*, 229 F.3d at 1030; *see also Young v. Gen. Foods Corp.*, 840 F.2d 825, 830 (11th Cir. 1988) (conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where an employer has offered extensive evidence of legitimate, non-discriminatory reasons for its actions).

Even if Plaintiff had applied he would still not be able to establish a prima facie case for discrimination under Title VII or ADEA. Both acts, as previously stated, require the candidate to be qualified for the position that he is being barred from attaining. *Walker*, 286 F.3d at 1274-75; *Turlington*, 135 F.3d at 1432. In the present case, Young hired Heidt because she was considered

to be "the right fit" based on her experience teaching as the substitute for the class with the opening, her experience in the IB program as a former IB student, her familiarity with how the program operated, her degree in Social Studies, and she interviewed well. (Doc. 113 at 11-12). Plaintiff's vast experiences or unique expertise, as proffered by him, fails to touch these niches of education. (Doc. 136 at 4). *See Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 769 (11th Cir. 2005) (explaining that a plaintiff making a prima facie case must satisfy "an employer's objective qualifications").

**F. Count III – Spanish Teaching Position at Farnell**

Plaintiff interviewed for the position at Farnell twice but lacked many of the desired qualifications required for the position. Aside from Plaintiff not possessing a foreign language degree and lacking current or extensive experience teaching a foreign language, he was not certified to teach Spanish. (Doc. 113 at 22). Moreover, the candidate selected, Paneque, came recommended, had foreign language degrees, was then teaching Spanish at USF and a private agency, and interviewed much better than Plaintiff. *Id*. Plaintiff has not rebutted Farnell's legitimate and nondiscriminatory reasons for failing to hire Plaintiff, nor has plaintiff shown pretext and intentional discrimination. Plaintiff's conclusory allegations and earnest belief that his credentials possess greater merit than that of Paneque are insufficient as a matter of law. *Brooks*, 446 F.3d at 1163-64; *Carter*, 870 F.2d at 584-85; *Chapman*, 229 F.3d at 1030; *CSX*, 555 F. App'x at 882. Plaintiff cannot establish a prima facie case for discrimination under Title VII because Paneque, is a Cuban American (Doc. 136 at 12), and is among the protected class of "Hispanics."

Plaintiff cannot establish a prima facie case under the ADEA. While there is not a bright-line rule defining "substantially younger" under the ADEA, presenting substantial evidence of discriminatory animus beyond a mere age difference will deem a smaller age difference sufficient to meet the "substantially younger" element of the ADEA prima face case. *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1360 (11th Cir. 1999) (holding that a 42-year-old plaintiff, who was replaced by a 37-year-old, met the "substantially younger" element of the prima facie ADEA case); *Carter v. DecisionOne Corp.*, 122 F.3d 997, 1003 (11th Cir. 1997) (holding that a 39-year-old was "substantially younger" than a 42-year-old). Plaintiff offers nothing more than the mere fact that there is a difference in age between he and Paneque to establish a prima facie case under the ADEA. *See Steele v. United States VA*, 2011 U.S. Dist. LEXIS 58200 (M.D. Fla. June 1, 2011) (concluding that a 13-year age difference, without more, is insufficient to meet this standard); *Matthews v. City of Dothan*, 2006 U.S. Dist. LEXIS 91711, *39 (M.D. Fla. Dec. 18, 2006) (ruling that a six-year age difference was insufficient to create an inference of age discrimination, when no other evidence of discriminatory animus was present). Therefore, Plaintiff has failed to proffer any evidence to establish that his age was the but-for cause for the failure to hire. *Gross*, 557 U.S. at 175-78.

**F. Plaintiff's Entitlement to Legal Remedy**

Plaintiff is not entitled to punitive or liquidated damages for his Title VII claims. Punitive damages are not recoverable for Title VII violations because the School Board is a governmental agency that is exempt from such damages. 42 U.S.C. § 1981a(b)(1); *see Cabrera-Rodriguez v. Sch. Bd. of Miami-Dade County, Fla.*, 2012 WL 4338848, *4 (S.D. Fla. 2012). Moreover, Plaintiff is unable to recover liquidated damages because they are unavailable under Title VII.

Plaintiff has not demonstrated entitlement to damages for his ADEA claims. Plaintiff has failed to establish the School Board was willful and therefore is not entitled to any liquidated damages for his ADEA claims, (Doc. 113 at 24). 29 U.S.C. § 626(b); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1165 (11th Cir. 2008). Plaintiff cannot receive punitive damages nor can he receive compensatory damages for pain and suffering or emotional distress because such damages are not available under the ADEA. 29 U.S.C. § 626(b). Accordingly, it is

**ORDERED** that Defendant's, School Board, Motion for Summary Judgment as to Plaintiff's Title VII and ADEA Claim for discriminatory hiring practices (Doc. at 113), is **GRANTED**. The Clerk of Court is directed to enter judgment for the Defendants and against the Plaintiff and to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of June, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record